WILLIAM D. ARMSTRONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armstrong
Docket No. 19408-91
United States Tax Court
T.C. Memo 1992-328; 1992 Tax Ct. Memo LEXIS 345; 63 T.C.M. (CCH) 3116; June 8, 1992, Filed *345 An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed. W. Thomas Finley, for petitioner. Elizabeth Downs, for respondent. DAWSON, PAJAK
PAJAK
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's objection and amended objection to respondent's motion. Respondent filed a response to petitioner's amended objection. The sole issue for decision is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section 6212(b). Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Year
1985
1986
Deficiency
$ 113,984
$ 4,866
Additions to tax
Sec. 6653(a)(1)
5,699
--- Sec. 6653(a)(2)
[1]  --- Sec. 6653(a)(1)(A)
--- 243
Sec. 6653(a)(1)(B)
--- [2] Sec. 6661(a)
28,496
--- *346 For 1985 and 1986, respondent also determined that petitioner is liable for increased interest under section 6621(c). For convenience, we have combined the findings of fact and opinion. Petitioner resided in Tulsa, Oklahoma, at the time he filed his petition in this case. On March 2, 1990, respondent sent a notice of deficiency to petitioner at the following address: Post Office Box 35343 Tulsa, Oklahoma 74153 The notice of deficiency was returned to the IRS stamped "unclaimed" on March 22, 1990. The address which appeared on petitioner's 1988 return, received by the Austin, Texas, Service Center on August 17, 1989, was as follows: Post Office Box 74153
Tulsa, Ok 74153 [Emphasis supplied] This purported address was the most recent address of petitioner in the Internal Revenue Service (IRS) computer system at the time the notice of deficiency was prepared. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency *347 and a timely filed petition. ; . The Commissioner is authorized to send a notice of deficiency by certified or registered mail if respondent determines there is a deficiency in tax. Sec. 6212(a). Mailing the notice of deficiency to the taxpayer's last known address shall constitute sufficient notice. Sec. 6212(b)(1). Once the notice of deficiency has been mailed, the taxpayer has 90 days (150 days if addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). It is well settled that a notice of deficiency is valid even if it is not received. , affg. an unpublished Order of this Court; ; , affd. without published opinion . Due to the administrative burdens of the IRS, Congress did not intend to require actual notice. *348 Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed to the taxpayer's "last known address". Respondent mailed a notice of deficiency to petitioner on March 2, 1990. Petitioner did not file his petition with this Court until August 29, 1991, which was not a legal holiday in the District of Columbia. The petition is untimely because it was filed after the expiration of the 90-day period after the notice of deficiency was issued. Accordingly, this case must be dismissed. If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. , affd. without published opinion . Generally, the taxpayer's "last known address" is the address *349 to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . The taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. . When seeking to reasonably determine a taxpayer's last known address, respondent is entitled to rely upon those documents which are submitted by the taxpayer. . Ms. Terri Marino, now Mrs. Battershell, is the IRS revenue agent who audited petitioner's 1985 return. On January 10, 1989, Ms. Marino sent a letter to petitioner using the 4150 S. 100th E. Ave., Ste 308, Tulsa, Oklahoma, 74146 address shown on petitioner's 1987 return. At that time, this address was the address in the IRS computer system. In response, Mr. Terry Cumbey, an accountant, called Ms. Marino on February 8, 1989, and advised her that the 100th E. Ave., address was his address and that *350 he was no longer representing petitioner. Mr. Cumbey also informed her that petitioner's current mailing address was P.O. Box 35343, Tulas, Oklahoma, 74135. Ms. Marino thereafter forwarded to petitioner at that address a Form 872, Consent to Extend the Time to Assess Tax. Petitioner received that document, executed it on March 28, 1989, and returned it to respondent, together with a Form 2848, Declaration of Representative, naming R. Paul Cecil as the representative. Both documents reflect petitioner's current mailing address as P.O. Box 35343, Tulsa, Oklahoma, 74135. The Form 872 also states after that address: "Formerly of: 4150 S. 100th E. Ave., S 308 Tulsa, Oklahoma 74135". This 74135 zip code is not the one (74146) that petitioner used on his 1987 return for the 100th E. Ave. address. On December 12, 1989, Mr. Cecil advised Ms. Marino by telephone that he would no longer be representing petitioner. Mr. Cecil gave her petitioner's telephone number and a second address, which was 417 West 7th, Tulsa, petitioner's business address. Mr. Cecil did not inform her that this was petitioner's current mailing address. Ms. Marino called that number and left messages asking petitioner *351 to return her calls. Petitioner never returned her calls. In fact, on direct examination, petitioner testified as follows: Q Mr. Armstrong, have you ever had a telephone conversation with a revenue agent by the name of Terri Marino? A No. Q In connection with your tax returns for 1985 and 1986, have you ever had a telephone conversation with any agent of the Internal Revenue Service?
A No, sir. Q Have you ever called the Internal Revenue Service to advise them to change the address to which you wanted correspondence directed? A No. Ms. Marino explained at the hearing that the IRS did not change the address of petitioner to the second address furnished by Mr. Cecil because the IRS had received signed documentation from petitioner that the P.O. Box 35343 address was the correct address, and the IRS was receiving information from petitioner through the mail using that box number. Petitioner used the following addresses on his Federal income tax returns during the years set forth below: Year
Address
1985
P.O. Box 35343, Tulsa, Ok 74153
1986
P.O. Box 35343, Tulsa, Ok 74135
1987
4150 S 100th E Ave, Ste 308, Tulsa, 74146
1988
P.O. Box 74153, Tulsa, Ok 74153
1989
P.O. Box 35343, Tulsa, Oklahoma 74135
*352 Petitioner was asked whether he regularly had mail sent to P.O. Box 35343. He testified: "No. I have everything sent to 417 West 7th and I have since I [have] been officing there." Petitioner never used the 417 West 7th address on his Federal income tax returns for 1985 through 1989, on the Form 872 Consent, or on the Form 2848, Declaration of Representative. We are not required to, and do not, accept the self-serving testimony of petitioner as gospel. . On December 15, 1989, the IRS, by certified mail, sent a second Form 872 to petitioner at P.O. Box 35343, Tulsa, OK, 74135. The envelope and the Form 872 were returned to the IRS "unclaimed" on January 16, 1990. On January 23, 1990, the IRS again attempted to reach petitioner by certified mail by sending a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, as well as other documents, to P.O. Box 35343, Tulsa, OK, 74135. The envelope and the documents were returned to the IRS "unclaimed" on February 12, 1990. Finally, on March 2, 1990, the IRS sent the notice of deficiency at issue in this case *353 to petitioner at P.O. Box 35343, Tulsa, Oklahoma, 74153. Again, the envelope and the notice were returned to the IRS "unclaimed" on March 22, 1990. We note that in each of the three attempts to reach petitioner by certified mail, each envelope which contained a communication was returned to the IRS "unclaimed", but was not designated by the United States (U.S.) Postal Service as "address unknown", "insufficient address", or "no such street". Although petitioner claimed he did not deliberately refuse to go to P.O. Box 35343, we have found that he is not a credible witness. We find that petitioner refused to take receipt of these communications. We further observe that petitioner used the P.O. Box 35343, Tulsa, Oklahoma, 74135 address on his 1989 return. Petitioner's 1989 return was received by the Austin Service Center on August 15, 1990, after the mailing of the notice of deficiency. Petitioner testified at trial that he had rented P.O. Box 35343 continuously for almost 10 years to the time of the hearing. The U.S. Postal Service zip code directory for Tulsa box numbers 35001-35994 shows that the correct zip code for box number 35343 is 74153. This is the zip code stated *354 on the notice of deficiency. Furthermore, the U.S. Postal Service zip code directory also shows that there is no P.O. Box number 74153 in Tulsa, Oklahoma. On this record, we find that the P.O. Box number used on petitioner's most recently filed tax return, at the time the notice of deficiency was prepared, was incorrect on its face, and that the purported address on that return was not, in fact, an address. Ms. Janet Shell was the IRS agent on the review staff who prepared the notice of deficiency. Ms. Shell discovered that the P.O. Box 74153 purported address contained in the IRS computer file was not a proper address. She then reviewed other information in the file, including the Form 872 executed by petitioner on March 28, 1989. Ms. Shell concluded that the P.O. Box 35343, Tulsa, Oklahoma, 74135 address was his last known address. She then checked the zip code against the zip code directory, noticed the transpositional error in the zip code, and corrected the zip code. Accordingly, the notice of deficiency was sent to the correct address, which address we find to be petitioner's "last known address" within the meaning of section 6212(b)(1). In light of all the surrounding *355 circumstances, respondent reasonably believed that petitioner wished the notice of deficiency in this case to be sent to P.O. Box 35343, Tulsa, Oklahoma, 74153. . We further note that even if the notice of deficiency in the instant case had been mailed using the incorrect zip code, it would have been sent to the last known address within the meaning of section 6212(b)(1). As we recently explained in : It is recommended that ZIP code be used. However, the ZIP code number is not a requirement for proper delivery, but is for the convenience of the Postal Service and is helpful to ensure prompt delivery. In our view, the typing of the incorrect 5-digit ZIP code on the notice and mailing envelope is a de minimis error not fatal to a notice of deficiency. * * * We hold that petitioner's petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was *356 not timely filed. Footnotes
1. 50 percent of the interest due on $ 113,984, which is the underpayment attributable to negligence. ↩
2. 50 percent of the interest due on $ 4,866, which is the underpayment attributable to negligence.↩